UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>　　　　　Defendant. | Civil Action No. 23-0431 (TNM) |

## DEFENDANT'S ANSWER

Defendant Centers for Disease Control and Prevention ("CDC") hereby responds to the Complaint filed by Plaintiff Children's Health Defense on February 16, 2023.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like numbered paragraphs as follows:

## INTRODUCTION

Defendant admits that Plaintiff has brought an action against Defendant under the Freedom of Information Act ("FOIA").  The remaining allegation in the introductory paragraph consists of a characterization of Plaintiff's complaint, which requires no response.  To the extent a response is required, Defendant denies.

**PARTIES**

1.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 1 and therefore denies it.

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 2 and therefore denies it.

3.      Defendant denies the allegations in Paragraph 3, and avers that CDC is an operating component within the United States Department of Health and Human Services ("HHS").  HHS is the proper defendant to this complaint.

**JURISDICTION AND VENUE**

4.      The allegations contained in paragraph 4 constitute conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits only that this Court has subject matter jurisdiction under the Freedom of Information Act ("FOIA"), as limited by the relief available under the FOIA, and that venue is proper in this District.  In all other respects, this paragraph is denied.

**FACTS**

5.      The allegations in Paragraph 5 consist of Plaintiff's characterization of the complaint, along with references to documents that speak for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of these documents is denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or

information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

6.      The allegations in Paragraph 6 consist of Plaintiff's characterization of the complaint, along with references to documents that speak for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of these documents is denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

7.      The allegations in Paragraph 7 consist of Plaintiff's characterization of the complaint, along with references to documents that speak for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of these documents is denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

8.      The allegations in Paragraph 8 consist of Plaintiff's characterization of the complaint, along with a reference to a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of these documents is

denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

9.      The allegations in Paragraph 9 consist of Plaintiff's characterization of the complaint, along with a reference to a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of these documents is denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

10.     The allegation in Paragraph 10 consists of Plaintiff's characterization of the complaint, along with a reference to a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of this document is denied. Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to

form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

11.     The allegation in Paragraph 11 consists of Plaintiff's characterization of the complaint, along with a quotation from a document that speaks for itself and is the best evidence of its content; any allegation contrary to the plain meaning and content of this document is denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

12.     The allegations in Paragraph 12 and the subparts thereof consist of Plaintiff's characterization of the complaint, along with references to documents that speak for themselves and are the best evidence of their content; any allegation contrary to the plain meaning and content of these documents is denied.  Moreover, the allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of any public interest in the records sought, including as compared to any countervailing interests.

13.     Defendant respectfully refers the Court to the referenced FOIA request and response thereto as the best evidence of their contents; any allegation contrary to the plain meaning and content of these documents is denied.

14.     Defendant respectfully refers the Court to the referenced article as the best evidence of its contents; any allegation contrary to the plain meaning and content of this document is denied.

15.     Defendant respectfully refers the Court to the referenced article as the best evidence of its contents; any allegation contrary to the plain meaning and content of this document is denied.

16.     The Defendant respectfully refers the Court to the referenced article as the best evidence of its contents; any allegation contrary to the plain meaning and content of this document is denied.

17.     Defendant admits the allegations set forth in Paragraph 17, and respectfully refers the Court to the referenced FOIA request as the best evidence of its contents.

18.     Defendant admits the allegations set forth in Paragraph 18, and respectfully refers the Court to the referenced FOIA request as the best evidence of its contents.

19.     Defendant admits the allegation set forth in Paragraph 19, and respectfully refers the Court to the referenced acknowledgement letter as the best evidence of its contents.

20.     Defendant admits the allegations set forth in Paragraph 20, and respectfully refers the Court to the referenced letter as the best evidence of its contents.

21.     Defendant admits the allegations set forth in Paragraph 21, and respectfully refers the Court to the referenced email as the best evidence of its contents.

22.     Defendant admits the allegations set forth in Paragraph 22, and respectfully refers the Court to the referenced correspondence as the best evidence of its contents.  Defendant avers that, by letter dated March 24, 2023, Defendant issued an interim response and released some responsive records to Plaintiff.

23.     Defendant admits the allegations set forth in Paragraph 23, and respectfully refers the Court to the referenced FOIA request as the best evidence of its contents.

24.     Defendant admits the allegation set forth in Paragraph 24, and respectfully refers the Court to the referenced FOIA request as the best evidence of its contents.

25.     Defendant admits the allegations set forth in Paragraph 25, and respectfully refers the Court to the referenced acknowledgement letter as the best evidence of its contents.

26.     Defendant admits the allegations set forth in Paragraph 26, and respectfully refers the Court to the referenced correspondence as the best evidence of its contents.  Defendant avers that, by letter dated May 8, 2023, Defendant issued a final response to Plaintiff's request. Defendant stated it had located 5,241 pages of responsive records (47 pages released in full, 2,680 pages released in part, and 2,514 withheld in full). After a careful review of these pages, some information was withheld from release pursuant to the deliberative process privilege under Exemption 5 of the FOIA, 5 U.S.C. § 552.

## COUNT I (First Request #2022-02105)

27.     Defendant hereby incorporates by reference its responses to each of the allegations set for forth in the preceding paragraphs of Plaintiff's complaint.

28.     The allegation contained in paragraph 28 constitutes a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

29.     The allegations contained in paragraph 29 constitute conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

30.     Defendant denies the allegations contained in paragraph 30.

## COUNT II (Second Request. #2022-02151)

31.     Defendant hereby incorporates by reference its responses to each of the allegations set for forth in the preceding paragraphs of Plaintiff's complaint.

32.     The allegation contained in paragraph 32 constitutes a conclusion of law, to which no response is not required.  To the extent a response is deemed required, Defendant denies.

33.     The allegations contained in paragraph 33 constitute conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

34.     Defendant denies the allegations contained in paragraph 34.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent these paragraphs are deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation contained in the Complaint.

## AFFIRMATIVE OR OTHER DEFENSES

In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

**FIRST DEFENSE**

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

**SECOND DEFENSE**

The information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or part from public disclosure under the FOIA, 5 U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by FOIA.

**FOURTH DEFENSE**

Plaintiff has not alleged sufficient factual and/or legal bases for its request for attorneys' fees and/or costs.

**FIFTH DEFENSE**

The Complaint raises claims that are or will become moot.

*****

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.     Plaintiff takes nothing by the complaint;

2.     The Complaint be dismissed with prejudice;

3.     Judgment be entered in favor of Defendant;

4.     Defendant be awarded its costs of suit;

5.     The Court award such other and further relief as it may deem proper.

Dated: May 22, 2023                         Respectfully submitted,
      Washington, DC

                                                  MATTHEW M. GRAVES, D.C. Bar #481052
                                                  United States Attorney

                                                  BRIAN P. HUDAK
                                                  Chief, Civil Division

                                                  By: _____ /s/ M. Jared Littman _____
                                                             M. Jared Littman
                                                             Assistant United States Attorney
                                                             601 D Street, NW
                                                             Washington, DC 20530
                                                             240.278.0950
                                                             Jared.Littman@usdoj.gov

                                                 *Attorneys for the United States of America*