UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>    Defendant. | Civil Action No. 23-0431 (TNM) |

**JOINT STATUS REPORT**

  Plaintiff Children's Health Defense ("Plaintiff"), and Defendant, the Department of Health and Human Services ("Defendant" and, together with Plaintiff, "Parties"),[1] through undersigned counsel respectfully submit the following joint status report pursuant to the Court's Minute Order of May 24, 2023.

  1. On February 16, 2023, Plaintiff filed its complaint regarding two requests to Defendant pursuant to the Freedom of Information Act ("FOIA"). ECF No. 1. Plaintiff is seeking records in connection with the CDC's safety-monitoring of COVID-19 injections through the Vaccine Adverse Events Reporting System (VAERS). *Id.*

  2. The first FOIA request (#22-02105), which was submitted to the CDC on August 23, 2022, included four items:

- Item 1: Records of all PRR [Proportional Reporting Ratios] conducted by CDC in connection with COVID-19 vaccines from October 1, 2021, to the present;

- Item 2: Records of all communication about PRR results and all follow-up investigation done in connection with those results (whether clinical review or other investigation) from

---

[1] Named defendant, Centers for Disease Control and Prevention ("CDC"), is an operating component within the Department of Health and Human Services.

October l, 2021, to the present, within CDC, and all communications about these matters between CDC and FDA. This request includes but is not limited to records of the comparisons between PRR results and data mining results described by the CDC spokeswoman in her statement to the *Epoch Times*;

- Item 3: Records of all communications discussing, referencing, or mentioning Proportional Reporting Ratio, PRR (or PRRs), safety signal (or signals), signal detection, or data mining, from January 30, 2021, to the present, within CDC and between CDC and FDA, to the extent not already provided in response to numbers 1 and 2 above;

- Item 4: Copies of or links to all papers, articles, presentations, or other scientific data that provided the basis for the CDC spokeswoman's Epoch Times statement that Empirical Bayesian data mining is a "more robust data mining technique" than PRR.

3. With respect to item 1, CDC released documents on March 24, 2023. CDC located 51 Excel spreadsheets responsive to Plaintiff's request and withheld no information from release. Item 1 is fully resolved.

4. The records responsive to item 2 are being processed. The parties underwent extensive discussions in an attempt to reach agreement as to an appropriate search, but those discussions were only partially successful. The parties agreed to narrow the search to five specific custodians but were unable to agree to the search terms. Defendant ultimately advised Plaintiff that it was going to use search terms provided by the program subject matters experts. For item 2, the search parameters will be the five agreed-upon custodians, with the date range of October 1, 2021, to the date of initial search, and the search terms being PRR output, PRR results, PRR outcomes, PRR data, PRR analys*, and PRR investigat*.

5. Defendant is unable at this time to provide the anticipated number of documents responsive to item 2 but anticipates being able to supply this information shortly. Defendant also expects to be able to make the first production by mid-July 2023. Plaintiff reserves the right to challenge the sufficiency of any searches and production for item 2, as well as the timing of production.

6. With respect to item 3, the parties are continuing their discussions in an attempt to reach agreement as to an appropriate search. The agency will run a search using terms Plaintiff proposed on June 16, 2023, and will respond to Plaintiff promptly. The parties will update the Court on the status in the next joint report. Plaintiff reserves the right to challenge the sufficiency of any searches and production for item 3, as well as the timing of production. Defendant reserves the right to challenge the scope and specificity of item 3.

7. Defendant responded to item 4 on June 9, 2023, advising Plaintiff that there are no responsive records. Item 4 is fully resolved.

8. The parties are unable to determine at this time whether a Vaughn index will be needed for the first FOIA request (#22-02105) as it will depend on what is provided and what is withheld for items 2 and 3, and whether the parties agree about any exemptions applied.

9. The second FOIA request (#22-02151), which was submitted to the CDC on September 7, 2022, requests "the Daily Priority Reports described in the Centers for Disease Control and Prevention's (CDC) January 2021 Vaccine Adverse Event Reporting System (VAERS) Standard Operating Procedures for COVID-19 (as of 29 January 2021) (VAERS SOP), for the period of time from February 1, 2021, to the present."

10. On May 8, 2023, CDC responded to this request. CDC located 5,241 responsive records and released 47 pages in full, 2,680 pages in part, and withheld 2,514 pages in full. CDC withheld information from release pursuant to the deliberative process privilege of Exemption 5. Plaintiff's position is that the records were improperly withheld and should be disclosed.

11. The parties agree that a Vaughn Index is appropriate for information withheld in response to the Second Request and will confer regarding a timetable for the Vaughn Index and any response thereto.

12. A motion for an Open America stay is unlikely in this case.

13. The parties respectfully request that they be permitted to file a joint status report on or before July 24, 2023, to provide the Court with an update on their progress.

Dated: June 21, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ M. Jared Littman
M. Jared Littman, PA Bar #91646
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2523
Jared.Littman@usdoj.gov

*Counsel for Defendant*

/s/ Ray L. Flores
Ray L. Flores
11622 El Camino Real, Suite 100
San Diego, CA  92130
(858) 367-0397
Raylflores2@msn.com

*Counsel for Plaintiff*