UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>Defendant. | Civ. A. No. 23-0431 (TNM) |

**DEFENDANT'S SUBMISSION REGARDING RELATEDNESS**

On July 24, 2024, this Court directed the parties to file a submission regarding whether this case is related to *Children's Health Defense v. Food and Drug Administration*, Civ. A. No. 23-220 (RDM) (D.D.C.) ("*CHD I*"). Plaintiff Children's Health Defense did not designate this case as related to *CHD I* when it filed the complaint or at any time during the eighteen months that this case has been pending. Defendant, Centers for Disease Control and Prevention ("CDC"), submits that the two cases do not qualify as related under Local Civil Rule 40.5(a).

Under the Local Rules, at the time of filing a civil action, a plaintiff is required to identify a pending related case, if any, and provide that information to the defendant with service of the complaint. *See* L.Cv.R. 40.5(b)(2). Further, if at any time, a party's counsel becomes aware of a related case, that counsel is required to "immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties." L.Cv.R. 40.5(b)(3). Plaintiff has not taken either of these steps.

In relevant part, under Local Civil Rule 40.5(a), cases are deemed related when they "involve common issues of fact" or "grow out of the same event or transaction." L.Cv.R. 40.5(a)(3). Neither circumstance exists here. First, although the two cases seek some

overlapping records under the Freedom of Information Act ("FOIA"), there are important differences between the respective FOIA requests that override any factual similarities between the cases. Further, the common issues that may be raised by the overlapping records are legal, rather than factual, in nature, e.g., the applicability of FOIA exemptions in 5 U.S.C. § 552(b). Thus, the cases do not qualify as related cases based on "common issues of fact." Second, this case and *CHD I* involve different FOIA requests made to different defendants, meaning that they grew out of different events or transactions, so they do not qualify as related cases for this reason as well. Finally, even if the cases were related, there is no good cause for transferring this case for "reassignment to the judge having the earlier case," L.Cv.R. 40.5(c)(2).

This case involves a FOIA request that Children's Health Defense submitted to CDC, to which CDC responded in large part by searching for, reviewing, redacting, and producing records. During the course of this litigation, Children's Health Defense may raise arguments about the adequacy of CDC's searches and the appropriateness of CDC's redactions with respect to the produced records. Those arguments would be wholly unrelated to Children's Health Defense's dispute with the U.S. Food and Drug Administration ("FDA") in *CHD 1*.

The remaining records collected by CDC consist of 512 pages of FDA information that CDC sent to FDA for review and redaction (referred to as "consultation records"). Most of the 512 pages are expected to be responsive to a FOIA request that CHD submitted to FDA and raised in its lawsuit against FDA in *CHD I*.[1] As a result, the overlap between this case and *CHD I* is limited to the consultation records. And even if Children's Health Defense were to challenge the

---

[1] The records are also expected to be responsive to the FOIA request in *Informed Consent Action Network v. FDA*, Civ. A. No. 23-219 (RBW) (D.D.C.) ("*Informed Consent I*"). CHD did file a notice of related cases in *CHD I* with respect to *Informed Consent I*, ECF No. 8, but, notably, did not file a notice of relates cases with respect to this case.

adequacy of CDC's search that identified the 512 pages, such a challenge also would not be related to Children's Health Defense's dispute with FDA in *CHD I*.

Notably, the 512 pages are only a subset of potentially responsive records that may be identified by FDA in the future when it processes the multi-part FOIA requests in *CHD I*. The arguments that Children's Health Defense may raise with respect to the yet-to-be-identified universe of responsive records in *CHD I* are expected to be unrelated to this case—except for any potential redaction challenges over records in *CHD I* that are the same or similar to the consultation records in this case. But any such potential redaction challenges that are common between the cases are questions of law, not fact.

In sum, this case presents issues for resolution that the court in *CHD I* will not need to address, *CHD I* presents issues for resolution that this Court will not need to address, and any commonality between the cases concerns issues of law. Thus, the cases do not "involve common issues of fact." And, as mentioned above, the cases did not "grow out of the same event or transaction" because they relate to different FOIA requests made to different defendants. Therefore, this case is not related to *CHD I* under Local Civil Rule 40.5(a). Finally, even if the cases were related, all the reasons described similarly demonstrate that no good cause exists for transferring this case for reassignment under Local Civil Rule 40.5(c)(2). There is no judicial efficiency to be gained here by such a transfer, as the cases have more differences than similarities.

*   *   *

- 4 -

Dated: August 7, 2024
       Washington, D.C.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       */s/ M. Jared Littman*
     M. JARED LITTMAN
     PA Bar # 91646
     Assistant United States Attorney
     601 D Street, N.W.
     Washington, D.C. 20530
     (202) 252-2523
     Jared.Littman@usdoj.gov

*Attorneys for the United States of America*